UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN HONEYCUTT,** individually, and on behalf of others similarly situated,

   Plaintiff,

vs.

**WORLDPAC, INC.,** a Michigan Corporation and **NATIONAL DELIVERY SOLUTIONS, LLC,** A Missouri Corporation,

   Defendant.

Case No.

Hon.

## COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND

   Plaintiff, John Honeycutt, individually and on behalf of all others similarly situated, by and through his attorneys, hereby brings this Collective Action Complaint against Defendants, Worldpac, Inc. and National Delivery Solutions, LLC, and makes the following allegations.

### INTRODUCTION

   1.  This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, John Honeycutt, individually and on behalf of all similarly situated persons employed by Defendants, Worldpac, Inc., National Delivery Solutions, LLC (hereinafter referred to as "Worldpac," "NDS," or "Defendants"), arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

1

§ 201, *et seq.*

2. Defendant Worldpac is a Michigan Corporation that employs delivery drivers ("Drivers") in Michigan, and pays them on a day-rate basis, to delivery packages, specifically, automotive parts.

3. Defendant NDS is Missouri Corporation that employs delivery drivers ("Drivers") in Michigan, and pays them on a day-rate basis, to deliver packages.

4. Although Defendants classify Drivers as independent contractors, the economic reality of the relationship is that the Drivers were Defendants' employees.

5. Plaintiff and similarly situated employees worked as Drivers for Defendants out of distribution centers within the past three (3) years. Specifically, Plaintiffs worked out of Defendants' Southfield, Michigan distribution center.

6. As Drivers, Plaintiff and all other similarly situated employees were victims of Defendants' common policy of failing to pay Drivers for overtime hours, as required under the FLSA. *See* 29 U.S.C. § 207(a)(1) ("[N]o employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.").

7. Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated day-rate and piece-rate Drivers employed by Defendants during the applicable time period, and seeks declaratory

relief and unpaid wages and overtime, liquidated damages, fees and costs, and any other remedies to which he may be entitled.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*

9. Additionally, this Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

10. This Court has personal jurisdiction over Defendant Worldpac because at all relevant times it has done business within the State of Michigan. Furthermore, at all relevant times, Defendant Worldpac employed Drivers in the State of Michigan.

11. This Court has personal jurisdiction over Defendant NDS because at all relevant times it has done business within the State of Michigan. Furthermore, at all relevant times, Defendant NDS employed Drivers in the State of Michigan.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district, employ Drivers in this District, and a substantial portion of the events that give rise to the Plaintiff's claims occurred in this District.

## PARTIES

13. Plaintiff John Honeycutt is domiciled Michigan, within the Eastern District of Michigan, Southern Division.

14. Defendant has employed Plaintiff as a Driver since approximately February 4, 2019 to present.

15. Plaintiff signed a consent form to join this lawsuit, which will be filed with the Court.

16. Defendant Worldpac "imports original equipment and automotive replacement parts directly from the most respected manufactures in the industry."[1] Defendant refers to itself as "North America's leading importer and distributor of OEM replacement parts for import and domestic cars and light trucks." *Id*.

17. Defendant NDS is a package delivery corporation, which delivers packages in Michigan and other states. Companies, such as Worldpac, utilizes NDS to deliver their products.

18. According to Defendant's website, Defendant "offer[s] several different types of delivery services including dedicated routing, scheduled deliveries, dock-high, and more."[2]

19. "With over 100 combined years of hands-on experience in automotive

---

[1] *See*, http://www.worldpac.com/ (last visited 1/21/21).
[2] *See*, https://nationaldeliverysolutions.com/ (last visited 1/21/21).

aftermarket and dedicated courier logistics management, National Delivery Solutions has an in-depth knowledge of the special needs associated with all types of corporate transportation requirements."[3]

20. Worldpac is incorporated in Michigan with a registered office address at 40600 Ann Arbor Rd. E., Ste. 201, Plymouth, MI 48170.

21. NDS is incorporated in Missouri with a registered office address at 630 Emerson Rd., St. Louis, Missouri 63141.

## GENERAL ALLEGATIONS

22. The FLSA applies in this case on an enterprise basis.

23. Both Defendants' annual sales exceed $500,000.

24. At all relevant times Defendants had more than two employees engaged in interstate commerce.

25. Defendants' Drivers engage in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

26. Defendants have employed Plaintiff John Honeycutt as a full-time Driver out of its distribution center in Southfield, Michigan within the last three years.

27. Defendants employed Plaintiff from approximately January 30, 2019 to November 3, 2020.

---

[3] *See*, https://nationaldeliverysolutions.com/about-nds/ (last visited 1/21/21).

28. Defendants also employed Drivers out of other distribution centers across the country.

29. Regardless of the distribution center, Defendants paid each Driver on a day-rate or piece-rate basis and classified them as exempt from overtime.

30. Regardless of how many hours Plaintiff and other similarly situated Drivers worked, Defendants paid them on a flat day-rate or piece-rate. For Plaintiff, his most recent day rate was $155.00 per day. Whether paid on a day-rate or piece-rate, Defendants did not pay any of its Drivers overtime.

31. At all relevant times, Defendants (unlawfully) classified Plaintiff and other similarly situated Drivers as exempt from overtime (because they were deemed independent contractors), when, in fact, they were non-exempt employees and entitled to overtime.

32. Plaintiff and other similarly situated Drivers are non-exempted by Section 13(b)(1) of the FLSA.

33. The Highway Technical Corrections Act ("HTCA") of 2007 states that the overtime protections of the FLSA "shall apply to a covered employee notwithstanding section 13(b)(1) of that Act (29 U.S.C. 213(b)(1))." HIGHWAY TECHNICAL CORRECTIONS ACT OF 2007, 154 Cong Rec S 3106, 3134.

34. The HTCA defines "covered employee" as an individual "whose work, in whole or in part," "performs duties on motor vehicles weighing 10,000 pounds or less." HIGHWAY TECHNICAL CORRECTIONS ACT OF 2007, 154 Cong Rec

S 3106, 3135.

35. Consequently, Plaintiff and other similarly situated Drivers are covered employees under the overtime provisions of Section 7(a) of the FLSA, and they are entitled to be paid at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a work week.

36. Throughout his time of employment with Defendants, Plaintiff frequently worked over 40 hours in a single work week. However, Plaintiff was not paid at the rate of one-and-a-half times his regular rate for every hour in excess of 40 in a week period as provided by law.

37. Plaintiff estimates he worked between fifty (50) to sixty (60) hours per week, but was never paid overtime premiums.

38. Plaintiff seeks to recover half-time unpaid overtime wages accumulated since his first day of employment, liquidated damages, attorney's fees and costs, and any other relief he and those similarly situated are entitled to by law.

39. The additional persons who may become plaintiffs in this action are employees, and/or former employees of Defendant, who are and who were subject to the unlawful payroll practices and procedures, as well as the misclassification scheme of Defendant, who were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

**Defendant Misclassified Drivers as Independent Contractors**

40. As briefly summarized in subparagraphs (a) – (f) below, the economic

realities demonstrate that Plaintiffs and other field technicians were employees of Defendants, and not independent contractors[4]:

    a.    Defendants closely monitored, directed, and controlled the day-to-day work of Plaintiff and other Drivers;

    b.    Defendant WorldPac and NDS retained the ability to hire, fire, and otherwise discipline Plaintiff and other Drivers;

    c.    By virtue of the fact that Plaintiffs worked on NDS deliveries only, and delivered only WorldPac automotive parts, Defendant controlled their opportunity for profit or loss;

    d.    Plaintiff and other Drivers did not exercise managerial duties in performing their job duties;

    e.    The worked performed by Plaintiff and other Drivers did not require specialized or advanced skills, nor did it require a specialized degree;

    f.    Plaintiff and other Drivers typically worked full-time and exclusively for Defendants, performing deliveries for Defendants' customers while wearing Defendants' uniforms and driving delivery vans that bear Defendants' logo;

    g.    The services rendered by Plaintiff and other Drivers are an integral part of Defendant NDS's business because Defendant is in the business of delivering packages to individuals and businesses; and

    h.    The services rendered by Plaintiff and other Drivers are an integral part

---

[4] The U.S. Department of Labor (DOL) is aware of the problem of misclassification of workers as independent contractors and has addressed the matter on its website. Specifically, the DOL has stated "[m]isclassified employees often are denied access to critical benefits and protections they are entitled to by law, such as minimum wage, overtime compensation, family and medical leave, unemployment insurance, and safe workplaces.  Employee misclassification generates substantial losses to the federal governments and state governments in the form of lower tax revenues, as well as to state unemployment insurance and workers' compensation funds." *See*, https://www.dol.gov/agencies/whd/flsa/misclassification (last visited January 7, 2021).

of Defendant WorldPac's business because Defendant is in the business of importing automotive equipment.

41. Defendants' Drivers regularly work over 40 hours per week.

42. At the onset of their employment, all Drivers are required to sign a "Record or Receipt of Contractor Handbook" that requires the Driver to verify they "have read and understood the policies outlined in the National Delivery Solutions Handbook and agree to be bound by the company's rules and regulations."

43. Defendant NDS's Management Team also requires Drivers to sign an acknowledgement that Defendant "may contract you to do jobs for other companies, but you still work under the name of National Delivery Solutions."

44. Defendant NDS prohibits Drivers from using their cell phones while in the warehouse loading packages into their vans.

45. Although Defendant NDS permitted Drivers to decline delivery routes, Defendant threatened them that declining work would result in future work being withheld from them.

46. Similarly, Defendant WorldPac retained the ability to discipline and terminate Drivers. In fact, the order to terminate Plaintiff came from "Pete," a managerial employee for WorldPac.

47. Plaintiff and other Drivers reported on a daily basis directly to Christine Nicholls, who was a WorldPac employee.

48. Ms. Nicholls provided Plaintiff and other Drivers with the routes for

9

each day and the order in which to deliver the package.

49. Worldpac and Nicholls also directed the schedule of the Drivers. For example, Plaintiff was subject to discipline if he was not at the Southfield distribution center loading packages each workday by 7:30AM. Plaintiff generally worked at least five (5) days a week. In the last several months of his employment, Defendant Worldpac practically doubled Plaintiff's routes, but did not increase his pay.

50. The contract offered by NDS was the same for each company it did business with and was essentially a standardized independent contractor agreement for all of its drivers across the country.

## JOINT EMPLOYER ALLEGATIONS

51. At all relevant times, Defendants were jointly Plaintiffs' "employer" and Defendants directly benefited from the work performed by Plaintiffs and the other hourly employees. Defendants also jointly benefited, albeit illegally, from retaining gratuities/tips from the mandatory tip pool Plaintiffs and other similarly situated employees were required to participate in.

52. At all relevant times, Defendants controlled Plaintiffs' and other similarly situated hourly employees' schedule, duties, assignments, and employment conditions.

53. Defendants implemented the same compensation policies and practices for Plaintiffs at all of their locations.

54. Defendants were "joint employers" of Plaintiffs as defined by the FLSA, 29 U.S.C. § 203(d) and 29 C.F.R. 791.2(a).

## COLLECTIVE ACTION ALLEGATIONS

55. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All current and former day-rate or piece-rate paid Drivers who worked for Worldpac, Inc. or National Delivery Solutions, LLC., and were not paid overtime, in the United States at any time from three years prior to the date the Court grants conditional certification through a date specified by the Court.*

(hereinafter referred to as the "Collective"). Plaintiff reserves the right to amend this definition as necessary.

56. Excluded from the proposed Collective are Defendants' executives, administrative, and professional employees, including computer professionals and outside sales persons.

57. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

11

58. The employment relationships between Defendants and every Collective member are essentially the same and differ only by name, location, and rate of pay. The key issues do not vary substantially among the Collective members.

59. The key legal issues are also the same for every Collective member. These common legal and factual questions, include, but are not limited to, the following:

   a. Whether Defendants properly classified Plaintiff and the similarly situated Drivers as independent contractors;

   b. Whether Defendants properly classified Plaintiff and the similarly situated Drivers as exempt from overtime; and

   c. Whether Plaintiff and the similarly situated Drivers worked overtime hours (as defined by the FLSA) to which they are entitled to overtime premiums for.

60. Plaintiff estimates the Collective, including both current and former employees over the relevant period, will include several hundred members. The precise number of Collective members should be readily available from a review of Defendants' personnel and payroll records.

### COUNT I:
### (29 U.S.C. § 216(b) Collective Action)
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME

61. Plaintiff re-alleges and incorporates all previous paragraphs herein.

62. At all times relevant to this action, Defendants were an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

63. Defendants are engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

64. At all times relevant to this action, Plaintiff and other Collective members were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

65. Plaintiff and other Collective members either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

66. Defendants have had, and continues to have, an annual gross business volume in excess of $500,000.

67. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff and other Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

68. At all times relevant to this action, Defendants misclassified Plaintiff and other Collective member as independent contractors.

69. At all times relevant to this action, Defendants compensated Plaintiff and the other Collective members on a flat day-rate or piece-rate basis, regardless of the number of hours they actually spent working.

70. Defendants failed to pay Plaintiff and the other Collective members overtime premiums, as required by the Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

71. In workweeks where Plaintiff and other Collective members worked 40

13

hours or more, hours should have been paid by Defendants at the federally mandated rate of 150% of each employee's regularly hourly wage, 29 U.S.C. § 207(a)(1), but was not.

72. Defendants' violations of the FLSA were knowing and willful. Defendants knew or could have easily determined whether Plaintiff and the Members of the Collective were exempt from overtime, and could have easily determined the number of overtime hours worked, but did not.

73. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, John Honeycutt, requests an entry of an Order for the following relief:

    a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

    b. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all Collective members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the collective members of their rights by law to join and participate in this lawsuit;

    c. Designating Plaintiff as the representative of the FLSA

        Collective and undersigned counsel as Counsel for the same;

d.     Declaring Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

e.     Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the Collective, the full amount of damages and liquidated damages available by law;

f.     Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

g.     Awarding pre- and post-judgment interest to Plaintiff on these damages; and

h.     Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, John Honeycutt, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated:   January 21, 2021

                              By:   /s/ Charles R. Ash, IV
                                         Charles R. Ash, IV (P73877)
                                         SOMMERS SCHWARTZ, P.C.
                                         One Towne Square, 17th Floor
                                         Southfield, MI 48076
                                         248-355-0300
                                         crash@sommerspc.com

Dave Greco (P53523)
Greg Jones (P75318)
GASIOREK MORGAN
30500 Northwestern Highway,
Suite 425
Farmington Hills, MI 48334
dgreco@gmgmklaw.com
gjones@gmgmklaw.com

*Attorneys for Plaintiffs*